IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA        )
                                )
v.                              )
                                )     Criminal Case No: 1:05cr19
PRESTON C. EVERETT,             )     Civil Action No: 1:07cv120
                                )
        Defendant.              )

<u>MEMORANDUM OPINION</u>

Before the Court is Preston C. Everett's Motion to Vacate,
Set Aside, Reverse, or Correct and [sic] Illegal Sentence by the
Defendant in Federal Custody Pursuant to Title 28, United States
Code, Section 2255 (Docket # 134) ("Motion to Vacate"), in which
he seeks to have his conviction and sentence set aside due to
ineffective assistance of trial and appellate counsel, defects in
the indictment, and his actual innocence. For the reasons set
forth below, Everett's Motion to Vacate will be summarily
dismissed.[1]

I.

On March 31, 2005, after a jury trial, Everett was found
guilty of conspiracy to possess with intent to distribute in

---

[1] Rule 4(b) of the Rules Governing § 2255 Proceedings for
the United States District Courts provides in pertinent part:

The motion, together with all the files, records,
transcripts, and correspondence relating to the judgment under
attack, shall be examined promptly by the judge to whom it is
assigned.  If it plainly appears from the face of the motion and
any annexed exhibits and the prior proceedings in the case that
the movant is not entitled to relief in the district court, the
judge shall make an order for its summary dismissal and cause the
movant to be notified. . . .

excess of five (5) kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1).

The case arose out of a drug conspiracy involving Everett and his co-conspirators, Adrian Adkins and co-defendant Derrick Anthony Timmons.[2] Agents arrested Everett on October 21, 2004 after the controlled delivery of approximately eleven kilograms of cocaine. Adkins, who had participated in at least six previous drug transactions with Everett, aided in the arrest. Police had arrested Adkins earlier that same day after a confidential informant led police to him. After his arrest, Adkins agreed to cooperate with the government in the drug transaction with Everett later that day.

Adkins testified that on October 21, 2004, a man named Chico had called him and told him to take a car with eleven kilograms of cocaine to Everett.[3] Chico had told Adkins to arrange a meeting with Everett, distribute the drugs to him, and collect money owed from previous drug transactions. During the trial, the government played a series of consensually monitored phone calls in which Adkins and Everett discussed meeting at a Best Western

---

[2] Although indicted together, Timmons and Everett were tried separately.

[3] Chico was known to Adkins and Everett from having distributed drugs to them on previous occasions.

2

hotel in Dale City, Virginia and exchanging money for drugs. Adkins described the car in which Everett would arrive and also told investigators that Everett had a gunshot wound in his leg. This statement was corroborated by Special Agent Eric Kelly, who saw the gunshot scars on Everett's leg after he was arrested.

Police arrested Everett when he arrived at the designated Best Western hotel in a vehicle matching Adkins' description. Everett had $12,900 in a plastic bag with him. After Everett was arrested, agents searched the vehicle in which he had arrived and found a loaded .45 caliber handgun in the seat-back compartment, directly in front of where Everett had been seated. Adkins had previously alerted the police that Everett regularly carried a "chrome-plated .45".

In addition to Adkins' testimony about Everett's role in the October 21, 2004 incident, testimony was heard from Special Agent Todd Ferner, who personally inspected the vehicle being delivered to Everett; Robert Jones, who testified as to his past drug deals with Everett; Special Agent James Gregorius, who was present during the controlled delivery of drugs on October 21, 2004 and saw a firearm removed from the vehicle; Detective Brian Gavin, who was also involved with the controlled delivery; Drug Enforcement Administration ("DEA") chemist Eric Wisniewski, who tested the evidence and found cocaine; Julien J. Mason, who tested the gun found in the vehicle; and five other witnesses.

Recorded phone calls and documents were also admitted into evidence.

On the basis of the extensive trial testimony and physical evidence, Everett was found guilty of both charges. On June 17, 2005, Everett was sentenced to 300 months incarceration—240 months as to Count I and sixty months consecutive as to Count II—followed by ten years of supervised release, among other penalties. Before Everett's trial, the government had timely filed an Information pursuant to 21 U.S.C. § 851 that established that Everett had previously been convicted of Possession of a Controlled Drug (F) under Virginia Code § 18.2-250. That offense was a class 5 felony in Virginia, carrying a maximum penalty of ten years' imprisonment. The Information resulted in the minimum mandatory sentence for Count I being increased from ten years to twenty years of incarceration.

Everett appealed only his sentence on Count I to the Fourth Circuit, alleging that his 240-month sentence violated (1) the Sixth Amendment under United States v. Booker, 543 U.S. 220 (2005), and (2) his due process rights. The Fourth Circuit affirmed Everett's sentence in an unpublished opinion dated January 31, 2006. United States v. Everett, 164 Fed.Appx. 392, 2006 WL 228618 (4th Cir. 2006) (per curiam). As to Everett's first contention, the Fourth Circuit found that the rule announced in Booker did not apply to statutory mandatory minimum

4

sentences. Id. at 393. As to Everett's second contention, the
Fourth Circuit rejected Everett's argument that his prior felony
Virginia drug offense should not be considered a prior felony for
the purposes of a § 851 enhancement because the offense would
have been a misdemeanor under federal law. Construing the claim
as an equal protection claim, the Fourth Circuit noted that it
had rejected the argument that incorporating state definitions
into the federal statutes violates the Equal Protection Clause.
Id.

Everett did not seek a rehearing or further review by the
Supreme Court; instead he timely filed this § 2255 motion.

                                    II.

To be entitled to relief under § 2255, a prisoner must
demonstrate either a lack of jurisdiction by the convicting
court, a constitutional error, or a legal error so grave as to be
a "fundamental defect which inherently results in a complete
miscarriage of justice." United States v. Addonizio, 442 U.S.
178, 185 (1979). It is only these "fundamental" or constitutional
errors that a court may consider on collateral review. None of
the issues alleged in this § 2255 motion amount to errors, let
alone fundamental or constitutional errors.

Everett argues that his trial counsel was constitutionally
ineffective for failing to object to defects in the indictment
and failing to make certain objections to the sentence. To

                                     5

succeed on a claim of ineffective assistance of counsel, a movant must satisfy the two-part test established in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). First, he must show that "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." <u>Id</u>. at 690 (defining ineffective assistance of counsel as conduct falling below an objective standard of reasonableness and applying a strong presumption of competence and deference to an attorney's judgment). Second, the movant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id</u>. at 694. Thus, under <u>Strickland</u>, Everett must show both deficient performance and prejudice; the two are separate and distinct elements of an ineffective assistance claim. <u>Spencer v. Murray</u>, 18 F.3d 229, 232-233 (4th Cir. 1994).

Everett argues that his counsel should have attacked the indictment because it failed to allege "manufacture," which he contends should be an essential element of any offense involving cocaine. As an initial matter, relief from an erroneous indictment after a case has been decided by a petit jury is rarely granted. <u>United States v. McDonald</u>, 61 F.3d 248, 252-53 (4th Cir. 1995). There is no merit to Everett's claim that the indictment was defective. The relevant criminal statute, 21

U.S.C. § 841(a)(1), which Everett was charged with conspiring to violate, makes it illegal "to manufacture, distribute, _or_ dispense, _or_ possess with intent to manufacture, distribute, _or_ dispense, a controlled substance."(emphasis added). Each of these acts is chargeable separately under the statute, and Everett was charged and convicted of conspiring to possess with intent to distribute. That the indictment did not include the word "manufacture" is irrelevant, because Everett was neither accused nor convicted of manufacturing a controlled substance. Moreover, the language of the indictment tracks the statutory language and is therefore deemed sufficient. See United States v. Wicks, 187 F.3d 426, 427 (4th Cir. 1999). Because there is no legal merit to Everett's argument, Everett's attorney's failure to raise this objection to the indictment was not error under Strickland.

Everett also argues that his counsel was ineffective for failing to argue that "the nature of the substance as cocaine should be an element of the offense found by the jury. It was not so found in this case." Def.'s Mot. to Vacate 7. The record clearly shows that the nature of the controlled substance was properly proved at trial. The indictment did, in fact, charge Everett with conspiring to possess with intent to distribute cocaine. The record demonstrates that testimony from an expert DEA chemist established that the laboratory testing of the substance Adkins brought to the meeting with Everett was positive

for cocaine,[4] that the jury was instructed that it had to find beyond a reasonable doubt that the conspiracy had to involve a controlled substance, and that the jury convicted Everett of conspiracy to possess with intent to distribute cocaine. On this record, Everett has failed to show either ineffective assistance of counsel or any fundamental or constitutional errors as to the nature of the controlled substance involved in this case.

Everett further argues that the sentence enhancement under § 851 should have been charged in the indictment, and that his counsel was ineffective by not making this argument. Because this argument is meritless, counsel was not ineffective in failing to make it. Section 851 is not an element of the offense charged but a federal statute providing for an enhanced sentence if an information is properly filed with the Court, as it was here. Moreover, contrary to Everett's argument in this § 2255 motion, his trial counsel did challenge the government's use of the prior Virginia felony under § 851 during the sentencing and his appellate counsel raised the issue in the direct appeal to the Fourth Circuit, which considered and rejected his claim.

III.

Everett claims that he is actually innocent of the charge of conspiracy, specifically claiming that the government introduced insufficient evidence to prove that he conspired to possess with

---

[4] Defense counsel cross-examined the forensic chemist.

8

intent to distribute cocaine. He also argues that "no single conspiracy was proven but rather only a series of smaller conspiracies." Def.'s Mot. to Vacate 11.

As an initial matter, Everett failed to raise this claim on his direct appeal to the Fourth Circuit. Generally, "to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and prejudice resulting from the errors...or he must demonstrate that a miscarriage of justice would result from refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999) cert. denied, 529 U.S. 1010 (2000). The existence of "cause" for a procedural default "must turn on something external, such as the novelty of the claim or the denial of the effective assistance of counsel." Id.

To the extent that Everett is claiming that he failed to raise this issue because of ineffective assistance of counsel at the appellate level, Everett cannot meet the Strickland standard on this assertion. Given the overwhelming evidence of his guilt, established through witness testimony, tape recordings of him planning a drug transaction, and documentary evidence, it was not objectively unreasonable for appellate counsel not to raise a

sufficiency of the evidence argument on appeal.[5] Everett was essentially caught in the act, arriving as planned with several thousand dollars in cash to pick up several kilograms of cocaine from a co-conspirator, Adkins. Given these facts, appeal counsel's decision not to attack the sufficiency of the evidence was quite appropriate. Appeal counsel has no duty to a defendant to raise every nonfrivolous issue on appeal. See Jones v. Barnes, 463 U.S. 745, 751 (1983). Everett's appeal counsel was not ineffective under Strickland.

It is unclear whether Everett is also claiming that he is entitled to collateral review to avoid a miscarriage of justice. The Fourth Circuit has held that "to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." Mikalajunas, 186 F.3d at 493. Actual innocence is factual, not legal innocence. Id. As discussed above, Everett has failed to present any evidence of actual innocence, let alone clear and convincing evidence. Merely attacking the sufficiency of the evidence presented by the government is not a sufficient challenge. Everett's claim of actual innocence is therefore rejected.

---

[5] Everett's trial counsel did file a Motion for Judgment of Acquittal and New Trial asserting that the evidence was insufficient to sustain the conviction. This motion was denied at sentencing.

Conclusion

For the reasons stated above, Everett's Motion to Vacate will be dismissed by an appropriate Order to be issued with this Memorandum Opinion. Accordingly, Everett's attendant requests for an evidentiary hearing and for leave to amend his § 2255 motion will also be denied.

Entered this 12th day of February, 2007.

/s/

_____
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia

11