IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>) 1:05-cr-19-1 (LMB)<br>)<br>PRESTON CORNELIUS EVERETT, a/k/a "P," )<br>)<br>Defendant. ) | |

ORDER

On February 10, 2005, a federal grand jury in the Eastern District of Virginia returned a two-count superseding indictment[1] charging Preston Cornelius Everett, also knows as "P" ("defendant"), with conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1) and possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count 2). Before trial, the government filed an information pursuant to 21 U.S.C. § 851(a), seeking an enhancement based on defendant's prior felony drug conviction. After a two-day trial in March 2005, a petit jury found defendant guilty on both counts. In June 2005, this Court sentenced defendant to a total term of imprisonment of 300 months (240 months as to Count 1 and 60 months, consecutive, as to Count 2) to be followed by 10 years of supervised release (10 years as to Count 1 and 5 years, concurrent, as to Count 2). Defendant appealed his sentence and filed a number of collateral motions in an effort to have his sentence reduced, none of which was successful.[2]

---

[1] The initial indictment was returned on October 22, 2004.

[2] This Court's judgment was affirmed in February 2006. Defendant filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 in February 2007; the Court dismissed the § 2255 motion that month, and the court of appeals affirmed in September 2007. Defendant continued to file motions for various forms of relief, among which were a second § 2255 motion

On April 24, 2019, defendant filed a pro se motion seeking a sentence reduction pursuant to section 404 of the First Step Act of 2018, which made retroactive the Fair Sentencing Act of 2010's provisions reducing the disparity in sentences for crack cocaine as opposed to powder cocaine offenses. He also filed an "Addendum" to that motion asserting that the sentencing enhancement he received for a prior felony drug conviction "no longer" applies under section 401 of the First Step Act. The Court appointed the Office of the Federal Public Defender ("FPD") to represent defendant and instructed the FPD to decide whether it would file a motion in support of defendant's requests. On May 23, 2019, the FPD filed a response outlining the facts in defendant's case, describing the relevant provisions of the First Step and Fair Sentencing Acts, and "submit[ting] no further argument regarding [defendant's] pro se motion." The government opposed defendant's requests in a brief filed on May 29, 2019, and defendant has filed a reply.

Defendant's requests are meritless and will be denied. First, although section 404 of the First Step Act makes sections 2 and 3 of the Fair Sentencing Act retroactively applicable, it does so only for "covered offenses." See First Step Act, Pub. L. No. 115-391, § 404(a)-(b), 132 Stat. 5194, 5222 (to be codified at 21 U.S.C. § 841 note). As the government explains, the First Step Act amended 21 U.S.C. § 841(b) with respect to offenses involving cocaine base—that is, crack cocaine—but did not change any penalties for powder cocaine offenses. Because it is undisputed that defendant was convicted of an offense involving powder, not crack, cocaine, his section 404 motion fails. Second, although section 401 of the First Step Act revised the conditions under which a previous drug felony could support a sentencing enhancement—including by requiring

---

in March 2010; a petition for a writ of audita querela in August 2011; another § 2255 motion in May 2012; and a motion for a sentence reduction pursuant to a sentencing guidelines amendment in January 2016.

2

that the offender have "served a term of imprisonment of more than 12 months," id. § 401(a), 132 Stat. at 5220 (to be codified at 21 U.S.C. § 802(57))—section 401 has no retroactive effect. Id. § 401(c), 132 Stat. at 5221 ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." (emphasis added)); see, e.g., United States v. Tovar-Zamorano, No. 16-20052, 2019 WL 2005918, at *1-2 (D. Kan. May 7, 2019) (holding that section 401 does not apply where a defendant was already sentenced when the Act became effective). Because defendant was sentenced in June 2005—long before the First Step Act came into effect—he is not entitled to a sentence reduction under section 401. Accordingly, it is hereby

ORDERED that defendant's Motion to Apply the Fair Sentencing Act Retroactively to Defendant's Case [Dkt. No. 249] and Addendum to Motion to Reduce Sentence Pursuant to the First Step Act of 2018 [Dkt. No. 251] be and are DENIED.

To appeal this decision, defendant must file a written notice of appeal with the Clerk of the Court within 14 days. A notice of appeal is a short statement indicating a desire to appeal an order, including the date of the order defendant wants to appeal. Defendant need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives defendant's right to appeal this decision.

The Clerk is directed to forward copies of this Order to counsel of record and to defendant, pro se.

Entered this 2nd day of July, 2019.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge